**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-03139-SSS-AJR Date: July 20, 2026



Title: Mitchell Pyles v. Cynthia Rojas, Warden

---

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY PETITIONER'S MOTION FOR STAY AND ABEYANCE PURSUANT TO *RHINES* SHOULD NOT BE DENIED (DKT. 2)**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| A. Silva-Elder | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS)**

On June 5, 2026, *pro se* Petitioner Mitchell Pyles ("Petitioner"), a California state prisoner confined at Correctional Training Facility-Soledad State Prison in Soledad, California, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. 1.) Petitioner alleges a single ground for federal habeas relief, asserting that his criminal prosecution was commenced and conducted under repealed constitutional authority, namely former Article VI, section 20 of the California Constitution. (Dkt. 1 at 5, 13.) Petitioner expressly acknowledges that his sole habeas claim has not been exhausted in the California courts. (Id. at 2-5.) Accordingly, Petitioner concurrently filed a Motion for Stay and Abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005), requesting that this action be stayed while he exhausts his state court remedies (the "Motion for Stay and Abeyance"). (Dkt. 2.)

A state prisoner generally must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan

v. Boerckel, 526 U.S. 838, 842 (1999). Although Petitioner's sole claim for relief is unexhausted, that fact alone does not preclude a stay. In Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016), the Ninth Circuit held that district courts have discretion to stay wholly unexhausted petitions under the standards articulated in Rhines. Under Rhines, however, a stay is appropriate only in limited circumstances. Specifically, the petitioner must demonstrate: (1) "good cause" for the failure to exhaust the claim in state court before filing the federal petition; (2) that the unexhausted claim is "potentially meritorious"; and (3) that the petitioner has not engaged in "intentionally dilatory litigation tactics." Rhines, 544 U.S. at 277-78; see also Bolin v. Baker, 994 F.3d 1154, 1156 (9th Cir. 2021).

Here, although Petitioner recognizes that a stay under Rhines requires a showing that his unexhausted claim is not "plainly meritless" and that good cause exists for his failure to exhaust, he addresses only those two requirements. (Dkt. 2 at 2 ("Two criteria must be met in order to obtain [a Rhines] stay. . . . The two criteria are met, by Petitioner's presentation of 'newly discovered evidence[.]'").) Specifically, Petitioner contends that his claim is not "plainly meritless" and attributes his failure to exhaust, in part, to the complexity of his criminal case, his lack of legal training, and the limitations associated with his incarceration. (Id. at 2-7.) However, the Motion for Stay and Abeyance does not adequately explain how Petitioner satisfies the good-cause requirement, nor does it address the third Rhines factor, namely, whether Petitioner has refrained from engaging in intentionally dilatory litigation tactics. See Rhines, 544 U.S. at 277-78. Accordingly, on the present record, the Court cannot determine whether Petitioner has satisfied the requirements for a stay under Rhines or whether the exercise of its discretion to stay this wholly unexhausted Petition is warranted.

**IT IS THEREFORE ORDERED** that, on or before **August 20, 2026,** Petitioner shall file a written response specifically showing why Petitioner's Motion for Stay and Abeyance should not be denied. Specifically, Petitioner's response shall **supplement** with additional facts by:

1. Explaining why Petitioner had good cause for failing to present his federal habeas claim to the California courts before filing this federal action;

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-03139-SSS-AJR Date: July 20, 2026


Title: Mitchell Pyles v. Cynthia Rojas, Warden

2. Explain why Petitioner believes his unexhausted claim is potentially meritorious and should be considered by this Court after it has been exhausted in the state courts; and

3. Explain whether Petitioner has engaged in intentionally dilatory litigation tactics, including whether he has acted diligently in pursuing his claim and why the request for a stay is not intended to delay these proceedings.

**Petitioner is expressly cautioned that failure to timely respond to this Order, or failure to demonstrate that the requirements set forth in Rhines have been satisfied, may result in denial of the Motion for Stay and Abeyance.**

**If Petitioner no longer wishes to pursue this action, he may request a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a) instead of filing a response to this Order to Show Cause. A Notice of Dismissal form is attached for Petitioner's convenience.**

IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).