**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MITCHELL PYLES,<br>Petitioner,<br>v.<br>CYNTHIA ROJAS, WARDEN,<br>Respondent. | Case No. 5:26-cv-03139-SSS-AJR<br><br>**AMENDED ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"), all the records and files herein, and the September 15, 2026 Report and Recommendation of the United States Magistrate Judge. Objections were due by October 5, 2026 and no objections were received by this deadline. Therefore, on October 15, 2026, the Court issued an Order Accepting Findings, Conclusions and Recommendations of United States Magistrate Judge, (Dkt. 14), and entered Judgment dismissing this action without prejudice. (Dkt. 15.)

On October 14, 2026, the Clerk's Office received the following three motions filed by Petitioner that were entered on the docket on October 22, 2026: (1) Motion for the Court's Order Granting the Motion for Stay and Abeyance (the "Motion for Stay and

Abeyance"); (2) Motion for an Evidentiary Hearing; and (3) Motion for the Court's Order Granting the Approval of the Instant Settlement Agreement Proposed for the Instant Case (the "Motion for Approval"). (Dkts. 17, 18, 19.) In the Motion for Stay and Abeyance, Petitioner reiterates his claim that his state criminal prosecution lacked constitutional authority following the repeal of former Article VI, section 20 of the California Constitution in 1966. (Dkt. 17 at 2-5.) Petitioner also asserts that he diligently pursued his claim and explains that two deaths, drug overdoses at his correctional institution, and an inoperable law library copying machine prevented him from timely responding to the July 20, 2026 Order to Show Cause. (Id. at 5, 11.) In the Motion for an Evidentiary Hearing, Petitioner requests an evidentiary hearing because of "[t]he contrived facts found by the state court while denying a request for an evidentiary hearing." (Dkt. 18 at 6.) In the Motion for Approval, Petitioner asks that this Court order "that all records establishing Petitioner's conviction(s) at the federal and state level(s) are destroyed," in addition to other relief such as Petitioner being paid $50,000 on a debit card, being paid $50,000 in cash (in $100 bills), and being awarded $200 Million in the form of a certified check. (Dkt. 19 at 4-5.)

The Court has considered Petitioner's new filings and arguments, but finds that a stay and abeyance still is not warranted. As explained in the Report and Recommendation, Rhines v. Weber, 544 U.S. 269 (2005), requires good cause for the failure to exhaust state-court remedies, potentially meritorious claims, and the absence of intentionally dilatory litigation tactics. See Rhines, 544 U.S. at 277-78; Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016). Although Petitioner's explanations in his Motion for Stay and Abeyance may account for his delayed response to the OSC, they do not establish good cause for his failure to exhaust his state-court remedies before filing the federal Petition. Moreover, Petitioner acknowledges that his sole claim remains unexhausted and has not demonstrated that state-court remedies are unavailable. (Dkt. 1 at 2-5.) Finally, Petitioner's Motion for an Evidentiary Hearing and Motion for Approval do not address any relevant issue in the Report and Recommendation. Accordingly,

Petitioner's new filings do not provide a basis to depart from the Magistrate Judge's recommendation that the Petition be dismissed without prejudice.

To the extent the three motions may be construed as objections to the Report and Recommendation, the Court has conducted a *de novo* review of the portions of the Report and Recommendation to which Petitioner objected. See 28 U.S.C. § 636(b)(1). The Court finds that Petitioner's arguments do not undermine the Magistrate Judge's findings or conclusions. Accordingly, any such objections are OVERRULED. Having reviewed the record, including Petitioner's Motion for Stay and Abeyance, (Dkt. 17), Petitioner's Motion for an Evidentiary Hearing, (Dkt. 18), and Petitioner's Motion for Approval, (Dkt. 19), the Court declines to alter its prior decision to accept and adopt the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS THEREFORE ORDERED THAT:

1. The September 15, 2026 Report and Recommendation of the United States Magistrate Judge (Dkt. 13) remains ACCEPTED AND ADOPTED;
2. Petitioner's Motion for Stay and Abeyance (Dkt. 2) remains DENIED;
3. The Petition for Writ of Habeas Corpus (Dkt. 1) remains DISMISSED WITHOUT PREJUDICE for failure to exhaust available state-court remedies under 28 U.S.C. § 2254(b)(1)(A);
4. Petitioner's Motion for Enforcement of Repealed Article VI, Section 20, of the California Constitution (Dkt. 3) remains DENIED AS MOOT;
5. Petitioner's Motion for the Court's Order Granting the Motion for Stay and Abeyance (Dkt. 17) is DENIED, and, to the extent construed as objections to the Report and Recommendation, those objections are OVERRULED;
6. Petitioner's Motion for an Evidentiary Hearing (Dkt. 18) is DENIED, and, to the extent construed as objections to the Report and Recommendation, those objections are OVERRULED; and
7. Petitioner's Motion for the Court's Order Granting the Approval of the Instant Settlement Agreement Proposed for the Instant Case (Dkt. 19) is DENIED, and,

to the extent construed as objections to the Report and Recommendation, those objections are OVERRULED.

IT IS FURTHER ORDERED that the October 15, 2026 Judgment dismissing this action without prejudice shall remain in effect.

IT IS FURTHER ORDERED that the Clerk serve copies of this Amended Order on Petitioner at Petitioner's current address of record, as well as all parties who have appeared in the action.

DATED: November 3, 2026

SUNSHINE SUZANNE SYKES
UNITED STATES DISTRICT JUDGE